**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

**GARY R. IRBY,** *et al.,*

      **Plaintiffs,**

      **v.**

**THE UNITED STATES OF AMERICA,**

      **Defendant.**

      **Civil Action No.  AW-00-3151**

---

**MEMORANDUM OPINION**

Plaintiffs, Gary Irby and his family ("Plaintiffs"), bring this environmental tort action against

Defendant the United States of America ("Defendant"), alleging that the streams on Plaintiffs property were

contaminated with numerous hazardous, toxic, and chemical waste.  Currently before the Court is

Defendant's Motion in Limine  [134] seeking to exclude at trial all evidence related to Plaintiffs' personal

injury claims.  The Court has reviewed the pleadings and applicable law and has determined that a hearing

is unnecessary.  See Local Rule 105(6) (D. Md. 2004).  For the following reasons, Defendant's Motion

in Limine is denied.

**DISCUSSION**

Defendant brings this Motion in Limine to preclude evidence related to Plaintiffs' personal injury

claims.[1] Plaintiffs' Amended Complaint alleges that governmental contamination of their land has caused

"personal injury by way of physical and mental distress attributable to exposure to toxins and the prolonged

stress of dealing with potential hazards and compromise of health."  It is undisputed, however, that Plaintiffs

---

[1] Defendant's motion does not address Plaintiffs' *property* damage evidence, and therefore the
property damage evidence remains an issue for trial.

personal injury claims consist of only various forms of emotional distress, namely: (1) fear of future illness

or injury due to their alleged toxic exposure; (2) reduced enjoyment of their land due to its alleged toxic

contamination; and (3) loss of consortium due to stress caused by the other two forms of emotional distress.

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiffs' personal injury

claims pursuant to the Federal Tort Claims Act ("FTCA"). In particular, Defendant contends that Plaintiffs'

personal injury claims have no private liability analogue under Maryland law.

The FTCA is a limited waiver of sovereign immunity, making the Federal Government liable to the

same extent as a private party for certain torts of federal employees acting within the scope of their

employment. Berkman v. United States, 957 F.2d 108, 112 (4th Cir. 1992). The statute permits the

United States to be held liable in tort in the same respect as a private person would be liable under the law

of the place where the act occurred. Medina v. United States, 259 F.3d 220, 225 (4th Cir. 2001). The

FTCA does not create new causes of action; instead, it "serves to convey jurisdiction when the alleged

breach of duty is tortious under state law, or when the Government has breached a duty under federal law

that is analogous to a duty of care recognized by state law." Id. Since the Defendant's alleged torts

occurred in Maryland, the substantive law of Maryland applies. See United States v. Neustadt, 366 U.S.

696, 706 n.15 (1961).

Plaintiffs have shown that Maryland law permits recovery for a reasonable fear of future injury.

In Faya v. Almaraz, 329 Md. 435, 456-59, the Maryland Court of Appeals reviewed Maryland case law

on the subject and summarized:

> We note that it was formerly the rule that there could be no recovery of tort
> damages for mere fright or mental suffering caused by negligence unconnected with
> physical impact or injury . . . Our subsequent cases have departed from this rigid rule.

In <u>Vance v. Vance</u>, 286 Md 490 (1979), we held that damages could be recovered for emotional distress resulting from a tortious act; that a 'physical injury' could be proved by evidence indicative of a mental state; and that the term 'physical' in this context is not to be afforded its usual dictionary meaning, but rather as an injury 'capable of objective determination.' <u>Id.</u> at 500. The injuries alleged in <u>Vance</u> were mental distress, nervousness, sleeplessness, spontaneous crying, and depression; there was no medical diagnosis of any physical ailments. In finding Mrs. Vance's injuries to be legally cognizable, we said that the requirement of 'physical injury' for recovery in negligence meant only that the alleged injuries must be objectively determinable.

In the instant case, appellants allege that their fear and mental and emotional distress are accompanied by headaches, sleeplessness, and the physical and financial sting of blood tests for the Aids virus. <u>Vance</u> and its precursors dictate that appellants may recover for these injuries, to the extent that they can be objectively demonstrate their existence.

As applied here, Plaintiffs fear of future injury is reasonable as there exists at least two instances in which toxic, carcinogenic chemicals on Plaintiffs' property tested about the *de minimis* levels set forth by the Safe Water Drinking Act EPA Maximum Contaminant Level ("MCL"). Bis(2-ethylhexyl)phthalate ("BEHP") was detected in the Irby well in July 1996. Although the MCL for BEHP is 6 ug/L, reported levels of BEHP detected were 31 ug/L. Government testing also confirmed that the chemical Tetrachloroethylene ("PCE") has been detected in the Irby wells. Although the MCL for PCE is 5 ug/L, reported levels of BEHP detected in the well were 26.9 ug.L.

As a result of the Government's contamination of Plaintiffs' property, Plaintiffs alleged that they have suffered actual physical manifestations of emotional distress. Plaintiff Toni Walker alleges that she had "heart palpitations," a "general lack — feeling of not feeling well on different occasions," and she attributes this stress as a cause of her occasionally missing work. Plaintiff Gary Irby has been diagnosed with major depression and adjustment disorder attributed to the stress of Defendant's intentionally dumping contaminants onto his property. Plaintiff Gary Irby has also complained of migraine headaches, lack of

energy, lack of motivation, feelings of tiredness, sleep continuity disturbance, diarrhea, gastritis after eating, back pain, neck pain, skin rashes on both ankles, fatigue, stress, and problems concentrating.  Based on the precedent of <u>Faya</u> and its progeny, Plaintiffs may seek recovery for these injuries, as they have objectively demonstrated their existence.

Defendant's attempt to limit Plaintiffs' recovery for emotional distress based on their fear of personal safety is not persuasive.  Defendant cites <u>Owens Corning v. Bauman</u> 726 A.2d 745, 759 (Md. Ct. Spec. App.), *cert denied*, 731 A.2d 970 (Md. 1999), for the proposition that in Maryland, "mere exposure, without cellular change, does not constitute an injury or harm for which one may maintain a cause of action." <u>Id.</u> at 759.  Defendant's reliance on <u>Bauman</u> is misplaced.  <u>Bauman</u>, the Maryland Court of Appeals addressed when the on-set of an injury occurred when the plaintiff was claiming an injury from an asbestos-related diseased.  In <u>Bauman</u>, the Court found that "when a plaintiff develops an asbestos-related *condition*, the statutory cap is triggered upon the presence of symptoms, because there is no harm until the symptoms arise." <u>Id.</u> at 759. Therefore, it is clear that <u>Bauman</u> addressed the on-set of a latent absestos-related injury in order to determine the appropriate statutory damage caps and *not* a plaintiff's ability to recover for damages resulting from a reasonable fear of future injury.

Defendant's also posit that Maryland law prohibits Plaintiffs claim for reduced enjoyment of their land due to its alleged toxic contaminant.  This Court cannot agree.  Under Maryland law, "if a party suffers an injury, as loss of health, of *mind*, or of life, through fear of safety for self [or members of his family], a recovery may be had for the negligent act of another." <u>Bowman v. Williams</u>, 164 Md. 397, 401 (1933). Indeed, Maryland courts have allowed parties to recover for emotional distress based on damage to their property if the plaintiff has a reasonable fear for their personal safety. <u>See</u> <u>Belcher v. T. Rowe Price</u>, 329

Md. 709 (1993) (permitting recovery where a secretary experienced emotional trauma after a three-ton beam fell through the roof and landed five feet from her desk); Green v. Shoemaker, 111 Md. 69 (1909) (permitting recovery where large rocks fell on a plaintiff's home, one of which pierced the roof, landed on plaintiff's bed, and the bed broke as a result of the rock fall).  Here, Plaintiffs have been placed in physical danger as a result of Defendant's actions in exposing them to various toxic and carcinogenic chemicals. These toxic and carcinogenic chemicals were found over a period of years to be present in Plaintiffs surface water, ground water, soil, and sediment.  Therefore, it is clear under Maryland law that Plaintiffs may recover for emotional distress based on their reasonable fear for personal safety due to the contamination of their property by various toxic and carcinogenic chemicals.

Defendant cites Dobbins v. Washington Suburban Sanitary Comm'n, 658 A.2d 675 (Md. Ct. App. 1995), for the proposition that Maryland prohibits compensation for emotional distress based on damage to property.  Defendant's reliance on Dobbins is misplaced.  In Dobbins, the Maryland Court of Appeals followed the general rule elucidated in Zeigler v. F Street Corp., 248 Md. 223, 235 (1967), holding that "a plaintiff ordinarily cannot recover for emotional injury caused by witnessing or learning of negligently inflicted injury to the plaintiff's property."  338 Md. at 345.  Although Dobbins followed this general rule, the Court expressly stated that the plaintiff in Zeigler "might have recovered if she had alleged that the 'personal safety of the decedent was put in jeopardy.'"  Id.  Furthermore, in the Dobbins case, the plaintiffs did not allege that Dobbins personal safety was jeopardized.  Unlike Dobbins, the plaintiffs here have alleged that their personal safety was jeopardized as a result of the contamination of their property. Therefore, the Dobbins case is inapplicable here.

Defendant's argument that Maryland law prohibits recovery on Plaintiffs' claim for loss of

consortium due to emotional distress is unpersuasive.  A loss of consortium claim is a derivative claim which, to be recoverable, requires a well-pled primary claim.  See Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995).  As discussed above, Plaintiffs' underlying tort claim for emotional distress — based on future injury and based on fear of personal safety due to contamination of their property — have a valid basis in Maryland law.  Hence, Plaintiffs' loss of consortium claim, being derivative in nature, is also valid.

In sum, Plaintiffs' claims for fear of future injury and mental anguish as a result of reduced enjoyment of their property are proper causes of action under Maryland law.  Plaintiffs' claim for fear of future injury is reasonable under these circumstances and Plaintiffs emotional distress has physically objective manifestations.      Further, Plaintiffs' emotional distress claim from the reduced enjoyment of their property is also proper because Plaintiffs have been physically endangered by Defendant's actions.  Accordingly, Defendant's Motion in Limine to preclude evidence related to personal injury claims is denied.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion in Limine is DENIED.  A separate Order will follow.

June 22, 2005                                                   /s/
Date                                               Alexander Williams, Jr.
                                                   United States District Judge

6